## APPEAL OF LIHUE PLANTATION CO., LTD.

Docket No. 38.     Submitted July 8, 1925.     Decided September 30, 1925.

1. The taxpayer made contributions to the Y. M. C. A. for the purpose of maintaing welfare workers on its plantation in order that its employees might be made more contented and its business operations more efficiently carried on. *Held,* that such payments were an allowable deduction from gross income.

2. The taxpayer, during the year 1918, paid bonuses to employees based upon a resolution of its directors adopted in that year and measured by compensation to employees for the year 1917. *Held,* that such payments were allowable deductions from gross income in and for the year 1918.

*Rolland L. Nutt, Esq.,* for the taxpayer.
*Willis D. Nance, Esq.,* for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the year 1918 in the amount of $20,292.80. The taxpayer alleges error in the determination of the deficiency on two grounds; first, that the Commissioner has refused to allow the deduction of bonuses paid to employees during the year in the amount of $19,988.20; and, second, has refused to allow as a deduction $3,351.89 paid in 1918 for the maintenance of Y. M. C. A. welfare workers on the plantation of the taxpayer. Not all of the deficiency asserted by the Commissioner is in controversy.

### FINDINGS OF FACT.

The taxpayer is a Hawaiian corporation operating a sugar plantation in Hawaii with principal office at Honolulu. The taxpayer kept its books on an accrual basis and made its return for 1918 on that basis.

To stimulate efforts of employees in service to the corporation, to retain their services, and to assist them in meeting increased cost of living for the year 1918, the board of directors of the taxpayer, by resolution adopted January 23, 1918, voted to set aside and pay to employees receiving salaries of more than $50 per month additional compensation equal to 33 per cent of their respective 1917 salaries. The resolution passed is as follows:

On a further motion of Mr. Hagens, seconded by Mr. R. A. Cooke and carried unanimously, it was decided that as the bonus for 1917 to employees of the Company receiving more than $50.00 per month, a sum equivalent in the aggregate to thirty-three per cent of their respective salaries (being the same ratio as paid in 1916), representing three per cent, of the estimated

net profits of the Company for the year 1917, ascertained to be approximately $911,000.00, be set aside and distributed pro-rata among such employees, including the Manager of the Company; provided, however, that the Manager be authorized and directed to exercise due discretion in the case where the employees' salaries are disadvantageously proximate to the divisional line between the higher and lower rate of bonus.

The date on which this additional compensation was to be paid to employees was left to the discretion of the manager. Pursuant to this authorization, the sum of $19,988.20 was distributed in March, 1918, *pro rata* to the employees. This amount was included in the expenses for 1918 in the books of the taxpayer corporation and was taken as a deduction from gross income in the 1918 tax return. The Commissioner disallowed this item on the ground that bonus payments to employees based upon a percentage of net profits for 1917, but paid in 1918, are not allowable deductions in computing net income of the corporation for 1918, within the meaning of section 234(a)(1) of the Revenue Act of 1918.

In the year 1918 the taxpayer contributed $3,351.89 to the Y. M. C. A., which was located within the taxpayer's plantation and on property owned by the taxpayer. This contribution was to pay for and maintain the services of Y. M. C. A. welfare workers for recreational and educational work rendered by them among plantation employees. The plantation is isolated. Some wholesome diversion was necessary to maintain a stable morale among the employees and to keep them contented in their employment. Rather than undertake this work itself, the taxpayer welcomed Y. M. C. A. welfare workers to the plantation some years previous to the year in question and turned over to the Y. M. C. A. this service among employees, as the Y. M. C. A. workers were trained to render just this character of service. The taxpayer regularly paid for this service by contributing to the Y. M. C. A. as reimbursement for expenses incurred. All employees had access to the facilities of the Y. M. C. A. and employees were the only participants of this service, with here and there an isolated exception of one or two Japanese who conducted small confectionery shops on the plantation.

The taxpayer took a deduction from gross income for 1918 as a business expense the $3,351.89 paid in 1918 to the Y. M. C. A. The Commissioner disallowed the deduction.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 15 days' notice, in accordance with Rule 50.

OPINION.

JAMES: Taking up first the second claim of the taxpayer, namely, as to the deduction for the expense of Y. M. C. A. service on the plantation, we are of the opinion that the question is fully covered by the decision of the Board in *Appeal of Poinsett Mills*, 1 B. T. A. 6, the principle of which was reaffirmed in *Appeal of Holt-Granite Mills Co.*, 1 B. T. A. 1246.

The issue in the first point raised by the taxpayer is more difficult.

The facts show that the taxpayer paid a bonus during 1918 pursuant to a resolution adopted in that year, and apparently, also, pursuant to a regularly established custom, which bonus was related to the profits for the year 1917 and its distribution based upon the employees' compensation for that year. It is likewise clear that there was at least no legal obligation upon the taxpayer to pay the bonus out of the profits of the year 1917. The position of the Commissioner apparently is, at least as respects the year here in question, that a bonus paid to employees who rendered services in a prior year, based upon profits and salaries of that year, is not "an ordinary and necessary expense" of a later year. The Commissioner in the deficiency letter states that his position is "fully covered in the advisory tax board memorandum No. 86, page 106 of Cumulative Bulletin No. 1." An examination of this memorandum of the advisory tax board indicates that the case there presented was one in which the taxpayer was claiming the deduction for the year in which the services were rendered, or, applied to the instant case, the question was whether the compensation might be deducted, not in the year 1918 but in the year 1917. The advisory tax board held that this could not be done, upon the ground that the amounts were neither paid nor incurred during the earlier taxable year. At the conclusion of the memorandum, the advisory tax board also suggests that the amounts then in question might not be deductible in any year. This Board has held in *Appeal of C. H. Simonds Co.*, 1 B. T. A. 105, that so long as additional compensation paid within a year does not exceed a reasonable amount it may be deductible even though it is measured by services rendered and compensation received in prior years. That appeal appears to be on all fours with that of the instant taxpayer and fully sustains the deduction here in question for the year 1918. To the same effect are the *Appeal of Union Dry Goods Co.*, 1 B. T. A. 833; and *Appeal of Flint River Brick Co.*, 2 B. T. A. 31.

ARUNDELL not participating.